UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DURREL RICHARD** | **CIVIL ACTION NO. 6:16-CV-1032** |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| **SHERIFF K.P. GIBSON,** | **MAGISTRATE JUDGE WHITEHURST** |
| ET AL | |

**MEMORANDUM ORDER**

Plaintiff Durrel Richard, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 13, 2016, complaining that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was denied medical treatment while imprisoned at the Acadia Parish Jail in Crowley, Louisiana. On September 19, 2016, this Court ordered plaintiff to amend his petition to provide a more detailed description of the constitutional violation(s) alleged. [Rec. Doc. 8] On October 18, 2016, through newly enrolled counsel of record, plaintiff filed an Amended Complaint. [Rec. Doc. 12] and on November 21, 2016, a Second Supplemental and Amended Complaint was filed. [Rec. Doc. 17][1]

---

[1] Per Amended Complaint and Second Supplemental and Amended Complaint, filed by counsel, the named defendants are as follows: Sheriff K.P. Gibson, Warden Laura Breaux and Dr. Mark Dawson. Accordingly, defendants "Dr. Gibson" and "Laura Benoit" should be dismissed from this matter, as they have been substituted by the correctly named defendants via Rec. Doc. 12 and Rec. Doc. 17.

Accordingly, in order to determine an appropriate course of action,

**THE CLERK IS DIRECTED** to serve a copy of this memorandum order, two (2) summons forms for **EACH** Defendant:

**1. K.P. Gibson, Sheriff of Acadia Parish**
**2. Warden Laura Breaux, Warden of the Acadia Parish Detention Center; and**
**3. Dr. Mark Dawson, Physician for the Acadia Parish Detention Center**

and one (1) USM-285 form for **EACH** Defendant, upon Plaintiff, through his counsel of record, who must then furnish to the

Clerk of Court, 800 Lafayette Street, Suite 2100, Louisiana 70501

within thirty (30) days after service of this order, one (1) copy of the complaint, two (2) completed summonses and one (1) completed USM-285 form for **EACH  Defendant** for service, and that after the foregoing documents have been furnished as aforesaid;

**THE CLERK FURTHER IS DIRECTED** to serve, through the U.S. Marshal, a copy of the complaint and amended complaints, the appropriate summons, and a copy of this memorandum order on **EACH** Defendant named above.

**IT IS ORDERED** that Defendants file a response within twenty-one (21) days after the date of service.  Defendants shall address whether plaintiff should be required to exhaust administrative remedies, and, if so, whether he has exhausted his administrative remedies prior to filing herein.  If Defendants contend that plaintiff failed to exhaust administrative remedies, they are authorized to raise this issue via summary judgment motion as a threshold matter.  *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).  Alternatively, if disputed

facts preclude Defendants from filing a summary judgment, Defendants may file a motion for an evidentiary hearing to resolve the exhaustion issue before the case proceeds to the merits.

      **IT IS FURTHER ORDERED** that the following deadlines be established:

      1. Within **twenty-one (21) days** of Defendants' first appearance (filing of an answer or motion), or within **thirty (30) days** after service of the summons and complaint if Defendant(s) have made no appearance, **Defendants or their counsel shall provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession.** *See* Fed.R.Civ.P. 26(a)(1). **Defendants or their counsel shall contemporaneously file a copy of these documents under seal with the court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.** If plaintiff is not in receipt of these documents within the prescribed time period, plaintiff may file with the court a motion to compel such responses from Defendant(s). Any such motion must contain a motion and memorandum in support thereof and a proposed order, separately captioned and with a certificate of service stating that a copy has been sent to Defendant(s) by mailing same, via United States mail, to Defendants' counsel.

      2. Within **ninety (90) days** of Defendant's first appearance (filing of an answer or motion), the parties shall complete all discovery. The discovery deadline shall be suspended during the pendency of a motion for summary judgment or evidentiary hearing on the issue

of exhaustion.

    3. In addition to the mandatory discovery addressed in subsection (1) above, the parties may serve upon one another additional written discovery requests; however, such additional discovery shall be limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. *See* Fed.R.Civ.P. 33, 34, & 36.

    Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the court orders that all discovery requests and responses shall be filed into the record (by sending a copy of same to the Clerk of Court) in addition to being sent simultaneously to the opposing party by placing a copy of same in the United States mail addressed to that party or, where represented, to that party's counsel.

    **Note:** *Do not file "motions for discovery," as a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response.*

    In the event that any party believes that it needs additional discovery beyond that allowed by this order, that party shall file a motion with the court requesting such additional discovery. The motion must contain a memorandum in support of the motion, a copy of the additional discovery requested, and a proposed order, all separately captioned and with a certificate of service stating that a copy of same has been sent to the opposing side (either to plaintiff or to Defendants/Defendants' counsel) by mailing same, via United States mail, to plaintiff or to Defendants/Defendants' counsel, depending upon who filed the motion.

Any motions to compel must comply with the requirements set out above for motions and must be filed prior to the end of the discovery period.

4. Within **one hundred and twenty (120) days** of Defendants' first appearance, **each party shall file <u>one</u> of the following:**

a) <u>Motion for Summary Judgment</u> as provided by Rule 56 of the Federal Rules of Civil Procedure, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief; **or alternatively**,

b) <u>Statement of Issues</u> which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

**Any party's failure to comply with this order may result in the imposition of sanctions against that party.**

In Chambers, Lafayette, Louisiana, January 20, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**